R. H. TUDOR, Appellant,

v.

R. G. HENRY, Appellee.

No. 6490.

Court of Civil Appeals of Texas.

Amarillo.

April 18, 1955.

Rehearing Denied May 23, 1955.

Campbell & Brock, Lubbock, for appellant.

Rayford Ball, Lubbock, for appellee.

NORTHCUTT, Justice.

R. G. Henry, plaintiff in the trial court, sued R. H. Tudor to recover damages for breach of a contract. The contract in question is set out in full in the plaintiff's pleadings and is as follows:

"April 1, 1953

"It is agreed and understood that R. H. Tudor is selling his gin located on East Erskine, including one GMC truck, one old Chevrolet truck, and one Hobbs trailer, to R. G. Henry. This gin includes everything on the property excepting a stock of antifreeze and some cottonseed, and is being taked in on this trade at a value of $100,-000.00.

"For this gin Mr. Henry is giving a vacant lot on 3002 Emory; a store building at 1943–19th, leased by U. V. Blake; and five duplex houses located at 3120 Emory, 3109 Erskine, 3111 Erskine, 3113 Erskine, and 3115 Erskine; all of which are to be taken on the trade at a value of $75,000.00.

"Mr. Henry is to assume $16,000 now due Lubbock Cotton Oil Company, and will

pay Mr. Tudor $9,000 cash in addition to above buildings and lot mentioned above.

"Insurance, taxes, and interest on all property is to be prorated at date of signing final papers making trade.

"Each party is furnishing abstract on their present property, and each is to be given a reasonable length of time to correct title, it being understood trade is to be closed by May 1, 1953 unless another date is agreeable to both parties.

　　　　　　　　　　"/s/ R. H. Tudor
　　　　　　　　　　　　　R. H. Tudor

　　　　　　　　/s/ R. G. Henry
　　　　　　　　　　R. G. Henry

"Witnesses:
/s/ Floyd Roan
/s/ Dixon White"

The case was submitted to a jury upon four special issues and judgment was granted for the plaintiff for $5,000. The appellant made and presented his motion for a new trial but the same was overruled and appellant has perfected this appeal. Appellant, defendant below, objected all through the procedure of the trial as to the above-mentioned contract as being in violation of Art. 3995, Section 4, of Texas' Revised Civil Statutes known as the "Statute of Frauds". Appellant, in his answer, excepted to such contract, excepted to the evidence during the trial, excepted to the court's charge and in the motion for a new trial.

It seemed to be agreed that the reason the trade was not consummated was because of the appellant's gin was a business homestead and Mrs. Tudor would not sign the deed with Mr. Tudor and neither did she sign the contract in question. It is to be noted the contract in question did not describe any real estate and, in fact, appellant only contracted to sell his gin and appellee his five duplex houses except one lot. No place does the contract describe any real estate as to lot, block, city, county or state nor refer to any instruments that would make the property certain—in fact, there is testimony showing abstracts to other property were delivered and examined that was not even in the contemplation of the parties.

If the instrument in question comes within the Statute of Frauds, then appellee is not entitled to have specific performance nor recover damages. We do not believe this principle could be better expressed than it was stated in Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, at page 152, and the opinion adopted by the Supreme Court, where it is stated:

"(1) If the contract is insufficient it not only precludes recovery for specific performance but also for damages for the breach thereof. This is true because an 'action for damages for the breach of a contract is, in effect, an action for its enforcement, and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach.' Alworth v. Ellison, Tex.Civ.App., 27 S.W.2d 639, 640, writ refused.

"It should be noted that the instruments do not specifically indicate that Mrs. Fisher is the owner of the property. The lot and block number and the amount of land is not given, nor is the property designated as any particular named tract or as situated in any city, county or state. Also, a room at the rear of the property is not included, yet there is no intimation as to the exact portion of land excluded.

"(2) In the absence of equities removing the case from the operation of the statute of frauds, which do not here exist, it is well settled that before a court will decree the specific performance of a contract for the sale of land, or entertain a suit for damages for the breach thereof, the written agreement or memorandum required by the statute must contain the essential terms of a contract, expressed with such certainty and clarity that it may be understood without recourse to parol evidence to show the intention

of the parties; and no part of the instrument is more essential than that which identifies the subject matter of the agreement. Jones v. Carver, 59 Tex. 293, 295.

"(3) In so far as the description of the property is concerned the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. Morrison v. Dailey, Tex.Sup., 6 S.W. 426; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498.

"(4, 5) The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location or description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum. O'Herin v. Neal, Tex.Civ.App., 56 S.W.2d 1105, writ refused."

To the same effect is the case of Burrows v. Seale, 148 Tex. 411, 225 S.W.2d 966, by the Supreme Court, and the many cases there cited.

It is the further contention of appellee that because deeds were drawn giving descriptions of the property and abstracts furnished that made the contract enforceable but that point has been determined differently by the Supreme Court in the case of Tidwell v. Cheshier, Tex., 265 S.W.2d 568, 569, where it is stated:

"(2) The respondent further contends that the contract to convey the land above described resulted in a 'wholly executed contract', in that a deed was executed and delivered by the seller to the purchaser; that the land described in the deed was the same land as that described in the contract; that the consideration paid was the sum of $12,500, which was also the consideration recited in the contract; that the petitioner received the benefit of the services of respondent and should be held to pay the 5% commission agreed upon in the written contract.

"Assuming that the record shows that the land described in the subsequently executed deed is the same as that described in the contract, we hold that this extrinsic evidence is wholly insufficient to aid the description in the contract. The contract fails to 'furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty'. Wilson v. Fisher, supra; Broaddus v. Grout, supra [Tex., 258 S.W.2d 308]."

Since we are of the opinion, and so hold, that appellee is not entitled under the instrument in question to either specific performance or damages, we see no necessity of discussing any of the other assignments of error. Judgment of the trial court reversed and rendered that appellee, R. G. Henry, recover nothing against appellant, R. H. Tudor. Reversed and rendered.