**Jerry M. SHELTON, Jr., Appellant,**

**v.**

**B. A. ALLEN, Appellee.**

**No. 4529.**

Court of Civil Appeals of Texas.

Waco.

Oct. 20, 1966.

Rehearing Denied Nov. 10, 1966.

Barber & Seale, Jasper, for appellant.

W. C. Davis, W. S. Barron, Bryan, for appellee.

## OPINION

WILSON, Justice.

Judgment non obstante veredicto for defendant was rendered in plaintiff-lessee's action for damages alleging eviction from property described in a written lease agreement. Appellee's motion for judgment was granted upon the ground the description of the realty purportedly leased is insufficient to satisfy the statute of frauds, Art. 3995, Vernon's Ann.Civ.St.

The agreement recited that defendant agreed "to lease my house and 138 acres of land" to plaintiff. The instrument is dated Amarillo, Texas, June 23, 1961. Defendant owned a tract of 590 acres in Brazos County. Plaintiff alleged the 138 acres mentioned in the agreement was in that county.

The description in the contract does not identify the county or survey in which the land lies. It does not specify or indicate the relation of the 138 acres to be leased to the entire 590 acre tract. The document does not furnish within itself or by reference to any other existing writing the means by which the tract intended may be identified with reasonable certainty. The contract sued upon contravenes the statute of frauds. Republic National Bank of Dallas v. Stetson, Tex.Civ.App., 1965, 390 S.W.2d 257, 262; Hoover v. Wukasch, 152 Tex. 111, 254 S.W.2d 507; Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980.

Appellant insists that because plaintiff and defendant testified at the trial that they understood what land was referred to in the instrument the agreement was removed from the bar of the statute. The fact that the identity of the land was clear in the minds of the parties requires resort to parol evidence which is prohibited by the statute. The intention must be derived from the terms of the instrument itself. Matney v. Odom, 147 Tex. 26, 32, 210 S.W. 2d 980, 984.

■ Plaintiff urges application of the four-year statute of limitation, Art. 5529, V.A.C.S., because he says his is an equitable action, and that article governs suits to correct description of realty. His cause of action as pleaded is not such; it is solely an action for damages arising out of a written lease agreement.

■ The contention is rejected. Neither the decision in Cushenberry v. Profit, Tex. Civ.App., 153 S.W.2d 291, 297, writ ref. w.m., relied on, nor the cases it cites support his position that all equitable actions are governed by Art. 5529. They hold only that suits to cancel a deed are so governed, and are barred in four years.

It is not necessary for us to pass on the propriety of the conclusion as to ownership of the cause of action alleged, as that question is not reached. Appellant's other points are overruled. Affirmed.