Cecil CROW, Appellant,

v.

Daisy DAVIS and Ruby Stellman, Appellees.

No. 4755.

Court of Civil Appeals of Texas.

Waco.

Dec. 5, 1968.

Rehearing Denied Dec. 26, 1968.

Henry Stollenwerck, Dallas, for appellant.

Esir Tobolowsky, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Crow from a summary judgment for plaintiffs Davis and Stellman, cancelling a "Contract for Labor and Materials and Trust Deed", and a "Trustee's Deed" to defendant of 9.1 acres of land out of the Isaac B. Webb Survey in Dallas County, and removing such instruments as a cloud on plaintiff's title.

Plaintiffs are sisters and in 1964 were aged 74 and 82 years respectively. Defendant was a carpet salesman, and in September 1964 sold plaintiffs carpet for their home for $449. They paid $149. cash and signed an installment note for $360. There is in the record an instrument called a "Contract for Labor and Materials and Trust Deed", securing such note, dated September 23, 1964, which conveys to Neal Knox, Trustee.

"The following described tract, lot or parcel of land belonging to owners: 9.1 acres out of Isaac B. Webb Survey, Abstract No. 1574 Dallas County."

The instrument is signed by plaintiffs and under their signatures the word "Owners" is printed in the instrument.

Thereafter plaintiffs paid $270. on the note. Defendant closed his office and had his telephone removed. Plaintiffs tried to contact defendant to pay the balance due, but could not get in touch with him. Defendant wrote letters to plaintiffs demanding payment of the balance due, but such letters were apparently not received by plaintiffs.

Defendant, on February 10, 1967, appointed Chas. N. Marquis as substitute trustee, reciting that Neal Knox declined to act. On the same date Chas. N. Marquis posted notice of Trustee's Sale of 9.1 acres out of the Isaac Webb Survey, Dallas County. Marquis conducted such Trustee's Sale on March 7, 1967, during the noon hour, and sold the property to the only bidder, defendant, for $10. and cancellation of the $90. indebtedness. The $10. was not actually paid by defendant. On March 22, 1967 Marquis executed a Trustee's Deed to the property to defendant, who filed same for record on March 23, 1967. No notice was given plaintiffs of the sale. Thereafter plaintiffs learned of the foregoing and filed suit on May 26, 1967 to set aside the "Trust Deed" and "Trustee's Deed," and for damages. Plaintiffs tendered and paid into the Registry of the court $90. to defendant's order.

Defendant moved for summary judgment, and plaintiffs moved for severance of their

damage suit, and for summary judgment on the suit for cancellation of the 2 instruments. The trial court granted plaintiffs' motion, and entered judgment cancelling the "Trust Deed" and the "Trustee Deed" (and awarded defendant the $90.).

Defendant appeals on 2 points, contending the trial court erred in refusing to enforce the written agreement between the parties.

The record on summary judgment reflects that the *maximum* debt owed by plaintiffs to the defendant was $90., and that the *minimum* value of the property involved was $140,000., (there is evidence that it is worth $250,000.)

■ Thus the debt bore a .007% relationship to the minimum value of the property. Gross inadequacy of consideration alone is not, however, sufficient to set aside a Trustee's Sale. But it is generally held that only very slight additional circumstances are necessary to set such sale aside. Gandy v. Cameron State Bank, Tex.Civ.App., er. ref., 2 S.W.2d 971.

The record reflects that plaintiffs, on September 23, 1964 owned 22.742 acres as one tract in the Isaac B. Webb Survey, Abstract No. 1574, and that as of such date plaintiffs owned no identifiable tract of 9.1 acres in such survey.

■ The rule is that in all instruments for the conveyance of lands, the description must be so definite and certain upon the face of the instrument itself, or in some other writing referred to, that the land can be identified with reasonable certainty, otherwise the instrument is void under the Statute of Frauds. Greer v. Greer, 144 Tex. 528, 191 S.W.2d 848; Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380.

Defendant contends that since the description was of land "belonging to owners" and that since plaintiffs signed the "Trust Deed" as owners, that the description is sufficient under the rule of Pickett v.

Bishop, S.Ct., 223 S.W.2d 222. Such rule is:

"* * * a description, by reason of the use * * * of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum *owns a tract and only one tract of land answering the description in the memorandum.*"

Plaintiffs, as noted, owned no 9.1 acre tract in the Webb Survey on September 23, 1964, hence the Pickett v. Bishop rule is not applicable.

■ The description is not so definite and certain upon its face as to be identified with reasonable certainty and is void.

Defendant's points are overruled, and the judgment is affirmed.

Affirmed.