**Chester J. REED, Trustee, Appellant,**

v.

**Ethel Boone SILER, Appellee.**

**No. 209.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 26, 1969.

---

Donald H. Zwernemann, T. Turner Pope, Kamp, Laswell & Howard, Houston, for appellant.

Edgar E. Townes, Jr., Townes & Townes, Houston, for appellee.

BARRON, Justice.

This action was filed by Chester Reed, as trustee, against Ethel Boone Siler for specific performance of a contract for the sale of land in Harris County, Texas. The case was tried in the district court without the intervention of a jury, and at the conclusion of plaintiff's case judgment was rendered for the defendant, Ethel Boone Siler. The plaintiff, Reed, has perfected his appeal to this Court.

The trial court ruled that the contract involved was void and unenforceable by

reason of Article 3995 and Article 1288, Vernon's Annotated Texas Civil Statutes then in effect, the Statute of Frauds and the State of Conveyances. Appellant contends that by such ruling the trial court was in error.

On May 26, 1964, appellant, as trustee, and appellee entered into a contract for the sale of the following tract of property:

"Tract 28, J. M. Bartlet Survey; Abstract 152, City of Houston, Harris County, Texas. The same being a 6½ acre tract bordering on Riceville School Road."

A real estate agent, Mr. Miller, drafted the contract of sale. The description of the land contained in the contract was obtained from appellee's identification of her property on certain plats contained in Wilson's Plat Book, in Mr. Miller's office. The consideration for the sale of the property was $26,000.00. Appellant has been ready, able and willing to fulfill his agreement for the sale and purchase of the property, but appellee has refused to convey it.

The parties were designated in the contract as "Seller" and "Purchaser," and the writing contained no statement concerning ownership or reference to any other existing writing. Appellee placed in evidence certified copies from the office of the County Clerk of Harris County the direct index to maps, the J. J. Settegast Subdivision in the J. M. Bartlett Survey, and dedication and map of Sonier Place, a subdivision in the J. M. Bartlett Survey. The two above subdivisions are all which exist in the Bartlett Survey as shown by the records, and officially at least, there appears to be no "tract 28, J. M. Bartlett Survey" except an inside lot of 203' by 103' in Sonier Place, a subdivision of the Bartlett Survey. The Bartlett Survey area is outside the city limits of the City of Houston, and Sonier Place is beyond the five mile radius of the city limits. There is no Riceville School Road in reference to either subdivision of the Bartlett Survey shown of record, and there is no 6½ acre

tract in either of the subdivisions in the Bartlett Survey.

The contract did not refer to Wilson's Plat Book and made no reference whatsoever to any other writings or documents.

▇ The law provides that no action can be maintained on a contract for the conveyance of real estate unless the contract, or some memorandum thereof, be in writing. If the subject-matter sought to be conveyed is not described sufficiently to identify same, the requirements of the statute have not been met. The writing must furnish within itself, or by *reference* to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150. And see Owen v. Hendricks, 433 S.W.2d 164 (Tex.Sup.).

▇ But appellant contends that Wilson's Plat Book, from which the description in the contract was made, being an existing document or map, may be utilized to aid the description of the property. Appellee had identified the property from such record in the office of Mr. Miller. The apparently unofficial plat book cannot be used to aid the description in this case unless it is referred to in the contract itself. There is no reference to the plat book in the writing, and we must, therefore, overrule such contention. See Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, 984.

▇ Appellant seemingly contends further that since the parties knew what land was covered by the contract, considered with the data actually included in the writing, the statute of frauds should not be held to have been violated. It is clear that the parties in Wilson v. Fisher, supra, knew what property was the subject of their inartfully drawn letter contract, but the agreement was held void and unenforceable because the writing itself neither furnished an adequate description, nor referred to any other existing writing for

the means or data by which the property could be identified. See also Matney v. Odom, supra; Shelton v. Allen, 407 S.W.2d 832 (Tex.Civ.App.), writ ref., n. r. e.; Rosen v. Phelps, 160 S.W. 104 (Tex.Civ.App.), writ ref. The contention is overruled.

Authorities cited by appellant in which the descriptions include such words as "my place," "known as the James Perry tract of land," "my own headright," "Rock Island Plantation" and "San Gabriel Apartments" are not in point. The description here gives no indication of ownership and it does not include a commonly understood or popular name of the tract involved. A description of land by the particular name by which it is known in the locality is sufficient. Wilson v. Fisher, supra, 188 S.W.2d p. 153.

There is no evidence in the record showing that appellee owned a tract and only one tract of land in the J. M. Bartlett Survey answering the description in the writing. See Pickett v. Bishop, 223 S.W.2d 222, 223 (Tex.Sup.); Owen v. Hendricks, supra.

 As the Supreme Court of Texas stated in Wilson v. Fisher, supra, 188 S.W. 2d at p. 152:

"The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. The details which merely explain or clarify the essential terms appearing in the instrument may ordinarily be shown by parol. But the parol must not constitute the framework or skeleton of the agreement. That must be contained in the writing. Thus, resort to extrinsic evidence, where proper at all, is not for the purpose of supplying the location of description of the land, but only for the purpose of identifying it with reasonable certainty from the data in the memorandum."

Finding no error in the record, the judgment of the trial court is affirmed.