DUNLAP–SWAIN TIRE CO., Inc.,
Appellant,

v.

A. Pollard SIMONS et al., Appellees.

No. 17371.

Court of Civil Appeals of Texas, Dallas.

Jan. 9, 1970.

Rehearing Denied Feb. 13, 1970.

Willis T. Taylor, Golden, Burrow, Potts & Boeckman, Dallas, for appellant.

H. Dudley Chambers, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

DIXON, Chief Justice.

This suit was brought by appellant Dunlap-Swain Tire Company, Inc. against appellees A. Pollard Simons and The Westgate Company, a corporation, for damages in excess of $100,000 for alleged breach of contract. The trial court sustained appellees' motion for summary judgment and rendered judgment that appellant take nothing.

A. Pollard Simons was the owner and developer of a suburban shopping center known as Webb Royal Shopping Center which is approximately 10.22 acres in extent. On March 20, 1966 Simons leased to Dunlap-Swain Tire Company, Inc. certain property on which a service station was thereafter constructed. By the terms of Art. XXIV of the lease contract it was provided that the lessee should have "First refusal" to lease certain other property in the shopping center, said other property being described as "the North West Corner of New Webbs Chapel Road and Royal Lane." *  The lessee was to have the

---

* Art. XXIV in its entirety is as follows:

"ARTICLE XXIV: FIRST REFUSAL. 24.1 In the event the North West corner of New Webbs Chapel Road and Royal Lane is zoned to permit use as a gasoline service station, and Lessor decides to construct a service station, it is expressly understood that the Lessee, Dunlap Swain Tire Co., Inc., will have the first refusal to lease the service station under the same terms and conditions as set forth in this lease.  In the event said corner is zoned for use as a service station and Lessor decides not to construct a service station, Lessee is given the first refusal to lease the ground at a rental of eight per cent (8%) plus all taxes incurred against said property of the value

"first refusal" only in the event the northwest corner should later be zoned to permit its use as a service station. Further, if Simons, as lessor, should decide not to construct a service station on the site Dunlap-Swain Tire Company, as lessee, should have the right to lease the ground.

The lease contract does not describe "the North West corner" by metes and bounds, or by lot and block number. Its dimensions are not given. The contract does not refer to any map or plat or other document in which the subject property is described in such detail that it can be identified. There is a plat attached to the lease contract, but it shows an undivided strip of land running from Old Webbs Chapel Road to New Webbs Chapel Road. There is no description or showing of a tract which could be described as "the North West corner."

On June 13, 1966 the City of Dallas zoned for business purposes a tract 128.66 feet wide and approximately 518 feet long along the entire southern end of Webb Royal Shopping Center. This is the tract which is shown in the plat attached to the lease contract as undivided acreage. It is in the shape of a parallelogram extending a distance of an entire block from Old Webbs Chapel Road to New Webbs Chapel Road. Its southern boundary line begins at the northeast corner of the intersection of Old Webbs Chapel Road and Royal Lane and ends at the northwest corner of the intersection of New Webbs Chapel Road and Royal Lane.

Simons did not construct a service station on the newly zoned tract. But he did subsequently sell the entire newly zoned tract to The Westgate Company. A portion of the tract was leased by Westgate to Mobil Oil Corporation and a service station constructed thereon.

In its first, second and third points of error appellant asserts that the court erred in granting appellees' motion for summary judgment because (1) under the terms of the lease contract appellees were required to give the right of first refusal to appellant; (2) Art. XXIV identified with reasonable certainty the property in question; and (3) if the property in question was not identified with reasonable certainty by the terms of the lease agreement parol evidence was admissible to identify the site.

Appellees contend that Art. XXIV is void and unenforceable because it does not sufficiently describe the real property involved and parol evidence is not admissible to make the description sufficient since such evidence would be in violation of the Statute of Frauds, Art. 3995, Sec. 4, Vernon's Ann.Civ.St. of Texas.

■ Appellant argues that there was on file in the county records in April 1956 a map and plat and dedication which does divide the strip of land along the southern edge of the present shopping center into six lots, one of which, Lot 6, includes the northwest corner of New Webbs Chapel Road and Royal Lane. The plat was prepared and filed by William R. McKee De-

of the ground at that time. The value of the ground to be determined by mutual agreement of both Lessor and Lessee. In the event agreement of the value cannot be reached between the parties, the value will be determined in the following manner: Lessor shall choose one qualified appraiser, Lessee shall choose one qualified appraiser, and each appraiser shall choose a third qualified appraiser, who shall be a member of the American Institute of Real Estate Appraisers, to determine the value of the ground. Lessor agrees to give Lessee thirty days written notice of his intention to so construct a service station or to lease the ground to Lessee. Lessee agrees to give Lessor thirty days written notice to lease said service station or lease the ground. In the event of a ground lease, a period of ninety (90) days from date of Lessee's notice will be given to determine the value of the ground.

Lessor further agrees that in no event will any other gasoline service station location be permitted, leased or constructed within the limits of the 10.25 acres described above, except the two service station locations provided for herein."

velopment Company, which was then the owner of the tract of land. But this map and plat was neither attached to the lease contract between appellant and appellee Simons nor is it referred to in the lease contract. It is true that an insufficient description of real estate may be made sufficient by reference in the contract to a map or plat which contains an adequate description. But the map or plat must be referred to in the contract itself. Otherwise parol evidence would be necessary to supply the description. Such evidence is not admissible under the circumstances presented by this record.

We quote from Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980, 984 (1948):

"The reasons why the plat and parol evidence are not admissible are clearly and succinctly expressed in Jones, Cyclopedia of Real Property Law, Vol. 1, p. 329 as follows: 'Since the description, or the key thereto, must be found in the language of the contract, the whole purpose of the statute of frauds would be frustrated if parol proof were admissible to supply a description of land which the parties have omitted from their writing. *So, while a defect in description may be aided by the description shown on a map, in such case the map must be referred to in the contract, and it is not sufficient to show that the parties consulted a map at the time of their negotiations, since this would be an attempt to refer to the map by parol instead of by a contract recital, a reference which would not meet the requirement of the statute.'"* (Emphasis ours.)

See also Pfeiffer v. Lindsay, 66 Tex. 123, 1 S.W. 264 (1886); W. T. Carter & Bro. v. Ewers, 133 Tex. 616, 131 S.W.2d 86, 123 A.L.R. 908 (1939); Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945); Shelton v. Allen, 407 S.W.2d 832 (Tex.Civ.App., Waco 1966, writ ref'd n.r.e.); Reed v. Siler, 439 S.W.2d 466 (Tex.Civ.App., Houston 1969). We overrule appellant's first, second and third points.

■ Appellant's fourth point charges that appellees selected the wording of the property description, therefore they cannot use the statute of frauds to perpetrate a fraud. Appellant has not cited any evidence in the record before us indicating that appellees selected the wording of the challenged description and we find no such evidence. The fourth point is overruled.

Appellant in its fifth point says that a plat, which shows that property described as Lot 6 is located at the northwest corner of New Webbs Chapel Road and Royal Lane, was in existence and on file at the time with the Dallas County Clerk; and failure to refer to such plat in the lease contract was a mutual mistake of fact. Appellant is referring to the McKee plat which was described in our discussion of appellant's first three points.

■ We see no merit in the fifth point. There is not the slightest indication that the parties to the lease contract intended to refer in the contract to the McKee plat in any way. They did attach to the contract a plat of Webb Royal Shopping Center, but it is a complete blank so far as referring to any description of "the North West corner." Mistake in order to afford relief must be mutual. There is nothing in the record to suggest that the parties, or either of them, inadvertently failed to attach or refer to the McKee plat instead of the plat they did attach, or that they had in mind Lot 6 of the McKee plat when they signed the lease contract. Even if they both knew of the McKee plat such knowledge would not remove the contract from the statute of frauds. See Matney v. Odom, 147 Tex. 26, 210 S.W.2d 980 (1948); Davis v. Andrews, 361 S.W.2d 419, 423 (Tex.Civ.App., Dallas 1962, writ ref'd n.r.e.); Shelton v. Allen, 407 S.W.2d 832, Syllabus 2 (Tex.Civ.App., Waco 1966, writ ref'd n.r.e.), and other cases cited under our discussion of appellant's first three points. Appellant's fifth point is overruled.

In its sixth point appellant takes the position that the breach of the lease agreement by appellees imposed a constructive trust on the proceeds of the sale of the property by appellees from which proceeds appellant should recover its damages. This contention assumes that appellees are liable for breach of contract. We have held to the contrary. The sixth point is overruled.

Following submission of this appeal appellant with our permission filed a supplemental brief in which it presents an additional point of error. In this point appellant asserts that the right of first refusal was a valid and enforceable contractual right not involving any application of the statute of frauds or any application of the parol evidence rule.

There is no merit to the point. The case chiefly relied on by appellant, Gochman v. Draper, 389 S.W.2d 571 (Tex.Civ.App., Austin 1965, rev. by S.Ct., 400 S.W.2d 545, 17 A.L.R.3d 953), does not support appellant's contention. In it Gochman, a lessee, claimed an equitable title to real estate based on a provision in the lease giving him a right of "first refusal" to purchase his landlord's interest in the property if his landlord "desires to sell or dispose of his interest." The landlord lost his interest through a trustee's foreclosure sale. The contract was in writing and there was no claim that the property description was insufficient, or that the contract in any respect failed to meet the requirements of the statute of frauds. The case does not involve any issue challenging the application of the statute.

Our Supreme Court reversed the judgment of the Court of Civil Appeals and rendered judgment in favor of petitioner in Draper v. Gochman, 400 S.W.2d 545, 548, 17 A.L.R.3d 953 (1966), on the ground that the trustee's sale was not a voluntary sale by the landlord so as to give Gochman a preferential right. The Supreme Court further held as follows: "The purchasers at that sale took the property burdened with Gochman's right to purchase if they, during the term of Gochman's rights, desire to sell." This holding plainly shows that the lease contract containing the right of "first refusal" involved the sale and purchase of an interest in real estate—more than a mere contractual right outside the statute of frauds.

In the case now before us appellant does not sue for equitable title to the lease. Appellant sues for damages for alleged violation of its right of "first refusal." But the statute of frauds is applicable and the insufficiency of the property description makes the contract unenforceable in a suit for damage. In Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152 (1945), our Supreme Court said:

"If the contract is insufficient it not only precludes recovery for specific performance but also for damages for the breach thereof. This is true because an 'action for damages for the breach of a contract is, in effect, an action for its enforcement, and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach.' Alworth v. Ellison, Tex.Civ. App., 27 S.W.2d 639, 640, writ refused."

See also Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505(1938); Tudor v. Henry, 278 S.W.2d 874 (Tex.Civ.App., Amarillo 1955, writ ref'd); Cherry v. Salinas, 355 S.W.2d 833, 835 (Tex.Civ.App., San Antonio 1962, writ ref'd n.r.e.); Leche v. Stautz, 386 S.W.2d 872, 876 (Tex.Civ.App., Austin 1965, writ ref'd n.r.e.).

Appellant's supplemental point is overruled.

The judgment of the trial court is affirmed.