**O. T. EAMES, Appellant,**

v.

**Eugene Layne TULLIS, Guardian, Appellee.**

No. 4468.

Court of Civil Appeals of Texas,
Eastland.

May 21, 1971.

Dawson Bryant, Arlington, for appellant.

Harris, Ball, Graham & Hill, Arlington, for appellee.

COLLINGS, Justice.

Eugene Lane Tullis guardian of the person and estate of John Thomas Tullis, a non compos mentis, brought suit in trespass to try title against O. T. Eames. The defendant filed a plea of not guilty, and then filed an amended pleading claiming title to only a portion of the property described in the original suit under a contract of sale referred to as defendant's "Exhibit A". The defendant asked specific performance of the contract of sale. Plaintiff by amended pleadings denied that a contract of sale existed between the parties, denied that a contract of sale in writing existed which would satisfy the statute of frauds, and specifically denied the existence of any written contract of sale which described or identified any real estate to be sold within the requirements of the statute of frauds. Plaintiff also filed a motion for summary judgment which was granted. The defendant O. T. Eames has appealed.

The document marked "Exhibit A" relied upon by appellant Eames in his claim for title to the property in question is dated March 20, 1969 and provides in effect that John T. Tullis is "owner of 240.0′ .00″ North at same West Line of trailer park as shown on drawing" and goes on to provide that Tullis sells to O. T. Eames such property, states the purchase price, interest rate and monthly payment rate, and shows a drawing indicating that the property is adjacent to and is the same width as Mid City Trailer Park on Robertson Road.

In appellant's first and second points it is contended that the court erred in sustaining appellee's motion for summary judgment and thereby holding in effect as a matter of law that appellant's "Exhibit A" was not sufficient to satisfy the requirements of Section 26.01 of the Texas Business and Commerce Code known as

the Statute of Frauds or its predecessor Article 3995 Vernon's Ann.Civ.St. Article 26.01 provides in effect that a contract for the sale of real estate is not enforceable unless the promise or agreement or a memorandum thereof is in writing and signed by the person to be charged with the promise or agreement or by someone lawfully authorized to sign for him.

It is well recognized in Texas that by reason of the statute of frauds, contracts for the sale of real estate to be enforceable must be in writing, signed as required by the statute, and must adequately describe the land sought to be sold. In Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150 (1945) the written description of the land in the memoranda of contract of sale indicated that the property being sold was a brick duplex and garage apartment located at 4328–30 Cedar Springs Road. There was no mention in the memorandum of the city, county or state in connection with the location of the property nor was there any indication concerning the amount of land or the description thereof by any particular name. In that case it was held by our Supreme Court that such description was not sufficient to support a suit for specific performance or to recover damages for a breach of contract. It was held that in describing land contracted to be sold and conveyed, the writing required by the statute of frauds must furnish within itself or by reference to some other writing the means or data by which particular land may be identified with reasonable certainty. In the instant case the writing relied upon by appellant does not designate any specific tract of land, located in any city or town, or in any county or state in which the land is located, nor does the writing make reference to any other writing by which the land could be identified. In our opinion the document, "Exhibit A" upon which appellant's cross-action was based does not sufficiently describe the land in compliance with the statute of frauds and is unenforceable as a matter of law. In addition to the Wilson case see also Reed v. Siler, Tex.Civ.App., 439 S.W.2d 466 (Houston CCA, 1969); .Crow v. Davis, 435 S.W.2d 176, Tex.Civ.App. (Waco CCA, 1968, n. r. e.); Crosby v. Davis, Tex.Civ. App., 421 S.W.2d 138 (Tyler CCA, 1967, n. r. e.); Seaboalt v. Vandaveer, 231 S.W.2d 665 (Eastland CCA, 1950). The court did not err in granting appellee's motion for summary judgment.

The judgment is affirmed.