Arthur R. CROW, Appellant,

v.

Richard G. HEATH et al., Appellees.

No. 907.

Court of Civil Appeals of Texas,

Corpus Christi.

Nov. 14, 1974.

Rehearing Denied Dec. 5, 1974.

**226**

E. G. Henrichson, Henrichson & Henrichson, Edinburg, for appellant.

James Adrian Jones, Adams, Graham, Lewis, Jenkins, Jones & Graham, McAllen, for appellees.

## OPINION

NYE, Chief Justice.

This is a suit for a deficiency judgment on a second lien note executed by Richard G. Heath, appellee, in favor of Arthur R. Crow, appellant. The note, originally in the amount of fifteen thousand dollars ($15,000.00), was secured by a deed of trust and was given as partial consideration toward the purchase of certain real property in Hidalgo County.

Approximately one year after Heath executed the note, he sold the property to Mr. and Mrs. Joe Gomez, who assumed the unpaid balance on this note as partial consideration for the purchase of the property. Thereafter, the Gomez' defaulted in payment of the note and Crow foreclosed on the property under the deed of trust. At the foreclosure sale, Crow bid and credited five thousand dollars ($5,000.00) on the note. He subsequently brought suit against Gomez' seeking a deficiency judgment and possession of the property and against Heath also for a deficiency in the amount of ten thousand three hundred fourteen dollars and seventy-nine cents ($10,314.79) (this includes $500.00 attorney's fees). The trial court entered an interlocutory judgment against Gomez' for the deficiency and possession and gave Crow the property. About one year later, Crow sought a trial on the merits on that portion of the cause of action against Heath. Upon a trial to the court, the court held that Crow was not entitled to a deficiency judgment against Heath. Crow has perfected his appeal to this Court.

The trial court found that Crow sold the property in question to Heath for a total sum of twenty-three thousand dollars ($23,000.00), payable by the execution of a first vendor's lien note in the amount of eight thousand dollars ($8,000.00), to Valley Federal Savings and Loan Association and by the execution and delivery of a second lien note ($15,000.00) payable to Crow and secured by a deed of trust. The trial

court found that when Heath conveyed the property to Mr. and Mrs. Gomez, they assumed the unpaid balance of the note payable to the Valley Federal Savings and Loan Association and the balance of the note payable to Crow. When Gomez defaulted, E. G. Henrichson, Trustee under the second lien deed of trust, sent a letter to Gomez along with a copy of the notice of the trustee's sale. A carbon copy of the notice was also sent to Heath.

The trial court further found that the consideration paid at the trustee's sale was grossly inadequate, considering the market value of the property and the obligations outstanding against it; and that such sale constituted a windfall profit to the mortgagee Crow. The trial court found that the reasonable market value of the property sold under the terms of the deed of trust, at and prior to the time of trial, was twenty-eight thousand six hundred seventy-five dollars ($28,675.00). The property had increased in value since Crow had sold the property to Heath originally for twenty-three thousand dollars ($23,000.00). Finally, the trial court found that the notice of the trustee's sale given to Heath did not state that if the past due payments on the note were not paid that Crow would exercise his option to accelerate and mature the payments under the terms of the deed of trust.

Crow, in his first and second points of error, contends that the trial court erred in finding: 1) that he failed to notify Heath of his intention to accelerate the payments of the note declaring the entire indebtedness due and 2) in finding that the notice of acceleration of the payments was necessary in order to foreclose the deed of trust lien and seek a deficiency judgment. Specifically, Crow contends that the printed notice of the trustee's sale mailed to Heath was sufficient to entitle him to an acceleration of maturity of the note and to subsequently seek a deficiency judgment.

Heath, on the other hand, argues that Crow's failure to give him the requisite antecedent notice to the effect that he was exercising his option to accelerate the maturity of the note and to foreclose under the deed of trust, rendered the trustee's sale invalid as to him. Heath argues that Crow is not entitled to recover a deficiency judgment against him because: 1) Crow has now appropriated the property to his own use and benefit; 2) has entered into a contract for sale of the property with a third party for twenty-eight thousand six hundred seventy-five dollars ($28,675.00), the reasonable market value the trial court found of the property; and 3) that Health did not have proper notice that if the property did not bring enough to satisfy the indebtedness at the trustee's sale, Crow would seek the difference from him. Heath, therefore, contends that Crow is not entitled to take anything from him.

The note provides "that upon default in the punctual payment of this note or any part thereof, principal and interest, as the same shall become due and payable, the entire indebtedness secured by the hereinafter mentioned lien shall be matured, *at the option of the holder*". (Emphasis supplied.)

■ Since the acceleration clause in this note is not self-executing, but only confers an option on the mortgagee to declare the whole debt to be due, notice to the mortgagor and demand for payment are necessary to make it operative. Brown v. Hewitt, 143 S.W.2d 223, at 227 (Tex.Civ.App.— Galveston 1940, writ ref'd).

On January 12, 1973, the mortgagee posted notice of the trustee's sale and mailed a copy of the notice to the Gomez'. The letter from Crow's attorney to the Gomez' advised them as follows:

"Mr. Arthur Crow has advised us that you are three payments behind on his second lien and at least one, maybe two payments behind on the first lien to Valley Federal Savings & Loan and consequently he has asked me to proceed with foreclosure on the property.

We are in the process of posting notices for the property to be sold on the 6th day of February, 1973.

We are enclosing a copy of the Notice of Trustee's Sale."

A copy of this letter was mailed to the Heaths. During the trial, Crow was asked whether or not he gave any actual notice of his option to accelerate the maturity of the note. He stated that he had called Mrs. Heath and she had stated that they had sold the property and did not have anything to do with it anymore. Crow was then asked:

"All right. Did you advise Mrs. Heath that as a result of the failure of the Gomez' to make the payments and that you were declaring the full balance of the note; did you?

Answer: I didn't tell her that, no, sir."

■ Where the acceleration clause can be exercised only at the mortgagee's option, the courts have required that the mortgagor be given actual notice for demand of payment and of the exercise of the option to accelerate the entire balance of the debt. Otherwise the mortgagor could lose his property at a trustee's sale of which he is unaware by actual notice. Covington v. Burke, 413 S.W.2d 158 (Tex. Civ.App.—Eastland 1967, writ ref'd n. r. e.). The exercise of an option to accelerate the entire balance of a debt is a harsh remedy. The courts in Texas have looked with disfavor upon the exercise of this power, since great inequity may result. It is incumbent on the mortgagee, in order to avail himself of this right of acceleration, to make a clear, positive, and unequivocal declaration in some manner of the exercise thereof, followed by an affirmative action towards enforcing the declared intention. 39 Tex.Jur.2d, § 78, at pages 114–115, Mortgages and Trust Deeds.

It was stated in Lockwood v. Lisby, 476 S.W.2d 871 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n. r. e.):

"Our concern in this case is related to *'notice'* as applied to a prerequisite contractual condition (by construction) upon which right to conduct any trustee's sale is made to depend. Specifically, we are concerned with 'notice' of intention to accelerate, or of acceleration, of obligation to pay an indebtedness evidenced by note. *This 'notice'* is to be distinguished from a 'notice of trustee's sale', a different albeit an associated transaction in that authority to conduct the sale depends not only upon regularity of the notice of sale but also upon propriety and validity of the antecedent notice of acceleration of payments due as evidenced by note. . . ." (Emphasis supplied.)

■ A legal presumption of regularity exists in favor of judicial sales. But this same presumption does not prevail as to trustee's sales under powers granted by deeds of trust, since the exercise of the power of sale is a harsh remedy and can only be exercised by strictly complying with the terms and conditions of the note and those imposed on the power of sale by the maker of the trust instruments. Mere inadequacy of price does not constitute a ground for cancellation of a trustee's deed and a setting aside of a sale, although the fact of inadequacy might constitute evidence bearing on some other ground for avoiding the sale. Where there is proof of inadequacy of price coupled with a circumstance tending to establish a wrongdoing, the sale may be set aside.

■ The trial court held that "the consideration paid at the trustee's sale was grossly inadequate considering the reasonable market value of the property and the obligations outstanding against it". This finding has support in the evidence. Since the mortgagee (appellant herein) did not give the requisite notice of intention to accelerate the indebtedness to the Heaths, this irregularity coupled with the inadequacy of consideration are sufficient to set the sale aside as it concerns the Heaths. Crow v. Davis, 435 S.W.2d 176 (Tex.Civ.App.—

Waco 1968, no writ); Tarrant Savings Association v. Lucky Homes, Inc., 390 S. W.2d 473 (Tex.Sup.1964). In this latter case, the Supreme Court stated:

". . . If the sale is invalid and title to the property has passed to a third party or the property has been appropriated to the use and benefit of the mortgagee, the mortgagor is entitled to have the reasonable market value of the property credited on the note. . ."

It is undisputed that Crow had appropriated the property to his own use and benefit. The record shows that he sold the property for $28,675.00, the amount the trial court found to be the reasonable market value at the time of the trial. Under these circumstances, Crow was required to allow as a credit on the Heaths' note the reasonable market value of the property at the time Crow took possession of and appropriated it to their use and benefit. See Maupin v. Chaney, 139 Tex. 426, 163 S.W.2d 380 (1942); 39 Tex.Jur.2d Section 158, page 218, Mortgages and Trust Deeds. By doing this, no deficiency exists.

■ Crow asserts that he has made sufficient demand upon Heath by sending Heath the copy of the trustee's notice. The demand, as made by him was insufficient. See Jernigan v. O'Brien, 303 S.W. 2d 515 (Tex.Civ.App.—Austin 1957, no writ). The trial court held and the evidence supports the holding that neither Crow nor his attorney gave the Heaths an opportunity to remedy the breach or default of the Gomez' nor did either of them give notice that their failure to remedy the breach would accelerate the maturity of the note and authorize the foreclosure under the deed of trust with the ultimate possibility of a deficiency judgment resulting from the trustee's sale. Foreclosure by a power granted under the deed of trust is a method by which a party avoids litigation. But where the mortgagee seeks a deficiency judgment outside of judicial foreclosure, the sale by such power must stand strict scrutiny. This sale does not meet this test.

All of appellant's points of error have been considered and are overruled.

The judgment of the trial court is affirmed.