Claude W. OGDEN, Jr., Appellant,

v.

GIBRALTER SAVINGS ASSOCIATION, Appellee.

No. 1744.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 24, 1981.

Rehearing Denied Sept. 10, 1981.

Nathaniel G. Rhodes, Corpus Christi, for appellant.

Lee Mahoney, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment in favor of Gibraltar Savings Association in a suit brought by Claude W. Ogden, Jr., to set aside a foreclosure under a deed of trust and to recover the value of the premises sold at such foreclosure. Trial was to a jury. Judgment was rendered that plaintiff Claude W. Ogden, Jr., take nothing. Plaintiff has appealed.

Plaintiff owned certain land and improvements thereon, which was situated at 418 Indiana, Corpus Christi, Texas. On May 1, 1963, he executed a promissory note in the amount of $12,000.00, payable in installments, and secured by a deed of trust covering the premises at the above address.

Defendant was the owner and holder of said note and the deed of trust lien securing same at all times relative to this suit. The evidence showed that plaintiff, for a number of years preceding the foreclosure, was delinquent on many occasions in the payment of the installments which became due on the note. The deed of trust contains an acceleration clause which provides upon default, that the balance due on the note "shall at the option of the holder or holders thereof, immediately become due and payable . . . ."

Defendant, by letter dated August 17, 1978, notified plaintiff that he was delinquent in his payments on the note. The letter also advised plaintiff, as follows:

"(1) You have breached the covenant to pay sums due under your promissory note.

(2) To cure such breach you must pay to Gibraltar $1,315.08 no later than September 16, 1978. A late charge of $3.68 will be due after August 16,

1978. In addition, beginning September 1, 1978, the September regular monthly payment will also be due.

(3) Your failure to cure such breach on or before said date may result in acceleration of the sums secured by the Deed of Trust and sale of the property standing as security thereunder.

Further, you are notified of your right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale."

Defendant, on November 13, 1978, posted a notice of foreclosure and trustee's sale in accordance with law. The property was sold at trustee's sale on December 5, 1978. It is this foreclosure sale which plaintiff is attempting to set aside.

■ In his first point of error, plaintiff complains that the trial court erred in refusing to grant his Motion for Instructed Verdict "in that [defendant] never sent [plaintiff] notice of acceleration of payments and demand for payment." In reviewing a trial court's authority to instruct a verdict, every inference that may be properly drawn from the evidence must be indulged against an instructed verdict. Where there is any probative evidence, a determination of the issue in question is for the jury. *Texas Employers Ins. Ass'n v. Page*, 553 S.W.2d 98 (Tex.1977); *Air Conditioning v. Harrison-Wilson-Pearson*, 151 Tex. 635, 253 S.W.2d 422 (1952).

Plaintiff argues that the notice sent on August 17, 1978 in the letter from defendant was not sufficient as a notice of acceleration and demand for payment. He relies on *Crow v. Heath*, 516 S.W.2d 225 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n.r.e.). In the *Crow* case, the mortgagor was not notified of the noteholder's intention to accelerate the payment on the note. He only received a copy of the printed notice of trustee's sale prior to foreclosure. The acceleration clause conferred an option on the mortgagee to declare the whole debt due

upon default. We followed well established law in holding that when an acceleration clause is optional, notice to the mortgagor and demand for payment are necessary to make it operative. We stated that the "notice of trustee's sale" alone was not sufficient to give "actual notice for demand of payment and of the exercise of the option to accelerate the entire balance of the debt."

*Crow v. Heath*, supra, is distinguishable from the present case in that no notice prior to posting of the notice of trustee's sale was sent to the mortgagor in the *Crow* case which made a formal demand for payment of the past due installment and gave an opportunity for the mortgagor to make the payment. The situation is different in the instant case. The August 17, 1978 letter to plaintiff in the present case accomplished both objectives. Moreover, in the *Crow* case, the suit was for a deficiency following a foreclosure. A claim for deficiency is not involved in this appeal.

■ In order to exercise the power of acceleration, absent a waiver, the noteholder must first make demand on the mortgagor for payment of past due installments on the note and provide an opportunity for the maker to cure or remedy the default. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975). If the default is not cured, the noteholder may then declare the entire debt due or take some unequivocal action, such as filing suit or post a notice of foreclosure, which will indicate that the entire debt is due and unpaid. *Joy Corp. v. Nob Hill North Properties, Ltd.*, 543 S.W.2d 691, 694 (Tex.Civ.App.—Tyler 1976, no writ).

■ In the case at bar, the noteholder made a demand for payment and provided an opportunity to cure by the aforesaid letter of August 17, 1978. Then, on November 13, 1978, when the notice of foreclosure was posted (and copies thereof were sent to plaintiff, the maker of the note), the noteholder took unequivocal action which indicated that the entire debt was due. These actions were enough to comply with the notice requirements set out in *Crow*.

■ Furthermore, the first point of error is clear, concise and unambiguous. No need exists to resort to the statements contained in the "argument and authorities" under the point in an attempt to discover the intent of the complaint. Considering the point as written and the evidence as presented by the record, it is conclusively shown that defendant, on August 17, 1978, "sent" a notice of acceleration of payments and demand for payment to plaintiff. The first point of error is overruled.

By way of his second point of error, plaintiff claims that defendant "did not serve written notice of the proposed sale by certified mail on [plaintiff] as required by Article 3810, V.A.T.S."

Tex.Rev.Civ.Stat.Ann. art. 3810 (Supp. 1980–1981) enumerates the procedures to be followed for a foreclosure sale under a deed of trust. Neither party in the present case disputes that notice of the proposed sale was properly posted at least twenty-one days before the date of sale. It is disputed, however, whether written notice was served on plaintiff of the proposed sale. The requirement of notice by certified mail is contained in the second paragraph of Article 3810, to wit:

> "In addition, the holder of the debt to which the power is related shall at least 21 days preceding the date of sale serve written notice of the proposed sale by certified mail on each debtor obligated to pay such debt according to the records of such holder. Service of such notice shall be complete upon deposit of the notice, enclosed in a postpaid wrapper, properly addressed to such debtor at the most recent address as shown by the records of the holder of the debt, in a post office or official depository under the care and custody of the United States Postal Service. The affidavit of any person having knowledge of the facts to the effect that such service was completed shall be prima facie evidence of the fact of service."

The envelopes containing the notices of foreclosure and of the proposed trustee's sale were mailed with correct zip code to the Six Points Post Office Station in Corpus Christi, Texas, on November 13, 1978, as already noted. At all times pertinent to this appeal plaintiff's correct box at the Six Points Post Office Station was number 3651. That box number was the most recent mailing address of plaintiff as shown by defendant's records.

Introduced into evidence was an affidavit of the person who actually mailed the notices to plaintiff. The notices were each enclosed in a postpaid envelope and were sent by certified mail. One of the notices was addressed to plaintiff at 418 Indiana, Corpus Christi, Texas, and the other was addressed to plaintiff at Post Office Box "36151," Corpus Christi, Texas. A postal employee, who worked at the Six Points Post Office Station, testified that the certified letter addressed to plaintiff at 418 Indiana was not delivered to that street address but a written notice of its arrival at the Six Points Post Office Station was actually deposited in Post Office Box 3651, plaintiff's correct post office box. He further testified that a written notice of the arrival of the other letter, which was addressed to plaintiff at Post Office Box "36151" was also placed in Box 3651; that the Six Points Post Office Station did not have a box "36151"; and that the address shown on the envelope did not cause any delay in the actual depositing of notices of the arrival of certified mail in plaintiff's correct post office box.

It is established that the certified letters were never claimed by plaintiff. The letters, following the expiration of the period of time imposed by postal regulations for claiming, were returned to defendant, the sender. The envelopes were opened at the trial and each contained a copy of the notice of foreclosure and proposed sale, mentioned above.

■ We hold that the two notices of foreclosure and proposed sale mailed to plaintiff by defendant constituted a sufficient compliance with Article 3810. The testimony of the postal employee that notices of the arrival of the certified letters were placed in plaintiff's actual and correct post office box and never claimed by plain-

tiff is probative evidence that any failure of plaintiff to "actually" receive notice of the foreclosure and proposed trustee's sale resulted from the neglect of plaintiff, not because of any fault of defendant. The second point of error is overruled.

Plaintiff, in his third point of error, contends that "judgment be rendered" in his favor because defendant's "actions in this foreclosure amount to gross injustice." He argues that the money received at the foreclosure sale was grossly inadequate.

The jury found the property to have a value of $49,600.00. The amount received at the foreclosure sale was $4,580.00. The rule regarding inadequacy of price as grounds for setting aside a foreclosure sale is set out in *Crow v. Heath*, supra, at page 228 of the published opinion, as follows:

"... Mere inadequacy of price does not constitute a ground for cancellation of a trustee's deed and a setting aside of a sale, although the fact of inadequacy might constitute evidence bearing on some other ground for avoiding the sale ...."

▪ Plaintiff contends that the inadequacy of the sales price coupled with the error in addressing the aforesaid letter to him at P. O. Box 36151 constitutes sufficient grounds to set aside the trustee's sale under the test set out by this Court in *Crow*. We disagree for the reasons already set out in this opinion. Furthermore, plaintiff had actual notice of the sale prior to the foreclosure date and failed to take any steps to prevent the sale. Plaintiff did not attend the sale. The inadequacy of the price of sale under the circumstances presented by the record is not sufficient to set aside the sale. The third point of error is overruled.

We have carefully considered all of plaintiff's remaining points of error. They are overruled. The judgment of the trial court is AFFIRMED.