W. Guy DRAPER et al., Petitioners,

v.

Max GOCHMAN, Respondent.

No. A–10816.

Supreme Court of Texas.

Feb. 16, 1966.

Rehearing Denied April 6, 1966.

Skelton, Bowmer, Courtney & Burleson, Temple, for petitioners.

Maverick, Tynan & Gochman, San Antonio, Black & Stayton, Austin, for respondent.

GREENHILL, Justice.

Under the terms of a lease, Max Gochman was given the right to a "first refusal" to purchase the interest of his grantor if his grantor "desires to sell or dispose of his interest." The grantor thereafter borrowed money and executed a deed of trust covering the property to secure the debt. The grantor defaulted, the interest of grantor was sold by the trustee under the deed of trust, and Guy Draper et al., petitioners here, purchased at the trustee's sale. Gochman later tendered the amount bid at the trustee's sale. His offer was declined. So Gochman brought this suit against Draper et al. to establish his right or title. The main question is whether the "first right of refusal" granted to Gochman in the event grantor "desired to sell" applies to a sale made upon the foreclosure of a mortgage or deed of trust. The trial court, sitting without a jury, decreed that Gochman take nothing. The reasoning of that court was that under the provisions of the lease, Gochman did obtain a first right to purchase even though the sale was upon foreclosure, but that Gochman had waited an unreasonable time to exercise his right and was barred by laches from asserting his right. The Court of Civil Appeals sitting at Austin reversed. It held that Gochman had not lost his rights by laches, and it remanded

the cause for further proceedings in accordance with its opinion. 389 S.W.2d 571.

The trial court made extensive findings of fact which are set out in the opinion of the Court of Civil Appeals referred to just above. In the interest of brevity, they will not be repeated; and we shall reduce the case to the following basic assumptions.

Baxter held a long-term lease on the property. In 1959, he executed a sublease to Gochman. Baxter there granted to Gochman "a first refusal to purchase the interest" of Baxter in the property in the event that Baxter "during the initial term of this lease *desires to sell* or dispose of his interest" in the property. [Emphasis ours.] Gochman entered into possession under his sublease and is still in possession.

In November of 1959, Baxter borrowed $15,000 from the First National Bank of Temple, and assigned the rentals from the property to that bank. In January of 1960, Baxter borrowed an additional $15,000 from the Austin National Bank and executed a deed of trust to secure the loan. The deed of trust expressly provided that it was made subject to the sublease to Gochman and to the assignment of rentals provision of the loan from the Temple bank. The Austin National Bank sold its note to Petitioners Draper et al. (acting through a trustee), and the lien was transferred to the purchasers. All of the instruments were promptly recorded. The trial court found that Gochman had actual and constructive notice of Baxter's debt to the Austin National Bank and of the deed of trust.

In the summer of 1960, Gochman offered Baxter $50,000 for Baxter's interest. Baxter declined the offer. Petitioners point out that Baxter thus did not "desire to sell." Gochman points out that this evidenced his interest to protect his possession. Thereafter Baxter disappeared and his whereabouts were unknown at the time of the foreclosure sale.

Baxter defaulted in his payments to the Austin National Bank. Under the provisions of the deed of trust, the owner of the indebtedness had a substitute trustee appointed and called upon him to sell the interest of Baxter to satisfy the debt. The substitute trustee duly posted the notices required under the deed of trust, but Gochman had no actual knowledge of the sale. Baxter's leasehold interest in the property was duly sold by the substitute trustee, subject to Gochman's lease, for $15,000 (the amount of the original debt to the Austin National Bank), and Draper et al., petitioners here, were the purchasers at the sale. This sale occurred in December of 1960.

The trial court found that for the first time on or about January 2, 1962, Gochman made claim to the property and gave notice to Draper et al. that he wanted to exercise his right to purchase. He tendered $15,000 to them which was refused. This suit was brought on January 19, 1962. During this interval, from the sale in 1960 until January, 1962, Draper et al. borrowed $27,500 on the property, paid off the Temple National Bank, and did various other acts. Gochman, being in possession all the while, had some knowledge of some of the changes that had occurred. Based on this knowledge and failure to act, the trial court held that Gochman lost his rights by laches.

Before the trial of this case, Baxter had returned and asserted a cause of action to set aside the foreclosure sale upon the ground that he did not know he was signing a deed of trust or mortgage to the Austin National Bank. He asserted that he thought he was signing an assignment of rents as he had done with the Temple bank. That cause of action was severed and is not before us. Petitioners contend that this action by Baxter shows that he did not "intend to sell."

Petitioners Draper et al. further contend that in any event, the "first right of refusal" provision is invalid because it was only an agreement to make an agreement, and is unenforceable because it is completely indefinite as to price and other terms and conditions.

■ As above stated, Baxter gave Gochman a right of first refusal to purchase if Baxter "desires to sell or dispose of his interest." The words "desire to sell or dispose of his interest" are not words of art which have acquired a fixed meaning. They, as well as others such as "first refusal" and "first privilege to purchase," are used in various contexts and have been given a variety of meanings. 1A Corbin, Contracts (1963) § 261A. It is our view that the words "desires to sell or dispose of" as used in the agreement of the parties here were intended to have, and should be given, their ordinary meaning.

Gochman does not here rely upon the words "dispose of" as giving him the result desired. He does not, for example, contend that his right to purchase would ripen into a present right if Baxter should give his property to his son or wife or convey it to them by will. It is assumed that such a gift or conveyance would be made subject to his right to purchase if the grantees or legatees desired thereafter to sell.

It is the words "desire to sell" which are emphasized here. Petitioners Draper et al. contend that "desire to sell" does not include an involuntary sale upon the foreclosure of a mortgage. Such a sale, they contend, is often made at a distressed price, and not because the owner "desires to sell" but because the mortgagee or trustee has the power and right to sell the property whether the owner desires to sell or not. They remind the Court that lenders for their own protection often will lend substantially less than the market value of the property.

Gochman, on the other hand, contends that Baxter, upon execution of the deed of trust, voluntarily granted to the trustee the power to sell; and that when the sale occurred, it was as a result of an act deliberately authorized by Baxter. It is argued that he voluntarily set in motion a chain of events which resulted in a sale; and Gochman therefore should have a right of first refusal at the trustee's sale. In this sense, Baxter "desired to sell." The position of

Gochman is supported in substance by Price v. Town of Ruston (1931), 171 La. 985, 132 So. 653. It is further contended that the trustee should not be authorized to sell free of the right of first refusal when Baxter himself could not do so. And in any event, Gochman contends, he was entitled to actual notice of the trustee's sale so that he could be present to bid for Baxter's interest. Gochman's position is ably and logically presented by his counsel, and is certainly not without merit.

We are constrained to hold, however, that "desire to sell" as here used was intended to cover a voluntary act on the part of Baxter, covering either an offer on his part to sell, or the willingness on his part to accept an offer from a third person. There is no evidence that he ever expressed a willingness or desire to sell. He never fixed a price for which he was willing to sell. What he presumably did have was a desire to borrow money, rather than a desire to sell the property.

■ Gochman does not contend that at the time Baxter executed the deed of trust he had a "desire to sell" which would then ripen Gochman's first right of refusal. To so hold would virtually prevent the mortgaging of property on which there was a right of first refusal if the grantor "desires to sell." It is generally contemplated by both the lender and the borrower that the loan will be repaid. There is no evidence here that the loan transaction with its attendant mortgage or deed of trust was intended as a subterfuge or device to sell the property so as to defeat Gochman's first right of refusal in the event Baxter desired to sell.

We agree with Gochman that the trustee should not be able to sell the property free of Gochman's rights. The sale was made expressly subject to his lease. Draper et al. concede that they simply stepped into Baxter's shoes and succeeded to his rights, and that if they "desired to sell," Gochman will still have his first right of refusal. Gochman does not contend that the sale was invalid for want of proper notice.

While we find no Texas case which we regard as controlling, cases to which we have been cited convince us that our conclusions are correct. DeVitt v. Kaufman County (1901, writ refused), 27 Tex.Civ. App. 332, 66 S.W. 224; Mecom v. Gallagher (Tex.Civ.App.1947, no writ), 213 S.W. 2d 304. Also persuasive is In re Rigby's Estate (1946), 62 Wyo. 401, 167 P.2d 964.

Our holding is that the trustee's sale here was not a voluntary sale so as to give Gochman a preferential right to purchase. The purchasers at that sale took the property burdened with Gochman's right to purchase if they, during the term of Gochman's rights, desire to sell.

This holding makes it unnecessary for us to pass upon the other points raised by the parties. The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.