ACCEPTED
06-15-00031-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/4/2015 4:14:37 PM
DEBBIE AUTREY
CLERK

No. 06-15-00031-CV

**IN THE
COURT OF APPEALS FOR THE
SIXTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/4/2015 4:14:37 PM
DEBBIE AUTREY
Clerk

**DOUGLAS B. MOSELEY,**

**Appellant,**

**vs.**

**SHERRIE ARNOLD,**

**Appellee.**

**Appeal from the 71st District Court
of Harrison County, Texas
Honorable Brad Morin**

**APPELLEE'S BRIEF**

Appellee respectfully requests oral argument only if Appellant's request for oral argument is granted.

i

**TO THE HONORABLE COURT OF APPEALS:**

Sherrie Arnold (the "Appellee") files this Appellee's Brief in response to Douglas B. Moseley's (the "Appellant") Appellant's Brief filed in this Court on the 11th day of September, 2015.

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ iv

STATEMENT REQUESTING ORAL ARGUMENT ............................................ 1

ISSUES PRESENTED ...................................................................................... 2

STATEMENT OF FACTS .................................................................................. 3

    Appellant's Sale of the Five (5) Acres ......................................................... 3

    The Restrictive Covenant .............................................................................. 3

    Chain of Title Into Appellee .......................................................................... 4

SUMMARY OF THE ARGUMENT ................................................................... 5

ARGUMENT AND AUTHORITIES ................................................................... 7

    The Court Must Uphold the December Summary Judgment on Any Ground
    Asserted by Appellee that is Supported by Evidence and Pleadings ............ 7

    Appellee Has the Right to Enforce the Restrictive Covenant ....................... 7

    The Doctrine of Changed Circumstances Does Not Apply as a
    Matter of Law ............................................................................................... 13

    Appellant Presented No Evidence of Changed Circumstances .................... 17

    To the Extent Waiver and Abandonment are Properly Before the Court,
    Waiver and Abandonment Do Not Apply as a Matter of Law ..................... 17

    Appellant's Claim for Breach of the Contract of Sale Fails for Multiple
    Reasons ........................................................................................................ 19

SUMMARY ...................................................................................................... 22

PRAYER ........................................................................................................... 22

# INDEX OF AUTHORITIES

*Cases*

*Abernathy v. Adoue*, 49 S.W.2d 476 (Tex. Civ. App.—Beaumont 1932) ........................ 14

*Anderson v. New Property Owners' Assn' of Newport, Inc.*, 122 S.W.3d 378, 384-85 (Tex. App.—Texarkana 2003, pet. denied) ..................................................... 9

*Aull v. Kraft*, 286 S.W.2d 460, 461 (Tex. Civ. App.—Waco 1956, writ ref'd n.r.e.) ......... 9

*Bethea v. Lockhart*, 127 S.W.2d 1029 (Tex. Civ App.—Amarillo 1939, writ ref'd) ....... 13

*Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989) ........................................................... 7

*Consol. Bearing & Supply Co. v. First Nat'l Bank*, 720 S.W.2d 647, 650-51 (Tex. App.—Amarillo, no writ) ....................................................................................... 19

*Cowling v. Colligan,* 312 S.W.2d 943 (Tex. 1958) ................................................ 13, 15, 18

*Dempsey v. Apache Shores Property Owners Ass'n,* 737 S.W.2d 589, 597 (Tex. App. Austin 1987, no writ) ............................................................................... 13, 15

*Draper v. Gochman*, 400 S.W.2d 545, 548 (Tex. 1966) ............................................. 19, 20

*El Chico Corp. v. Poole,* 752 S.W.2d 306, 315 (Tex. 1987) ............................................... 7

*Giles v. Cardenas*, 697 S.W.2d 422, 427 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.) ..................................................................................................................... 9

*Girsh v. St. John*, 218 S.W.3d 921, 923-924 (Tex. App.—Beaumont 2006, no pet.) ......... 9

*Green Ave. Apartments v. Chambers*, 239 S.W.2d 675 (Tex. Civ. App. – Beaumont 1951, no writ) .................................................................................................... 9

*Green v. Gerner*, 289 S.W. 999, 1000 (Tex. Comm'n App. 1927) .................................... 9

*Overton v. Ragland*, 54 S.W.2d 240 (Tex. Civ. App.—Amarillo 1933, writ dism'd) ...... 14

*Ragland v. Overton*, 44 S.W.2d 768 (Tex. Civ. App.—Amarillo 1931, no writ) ............. 14

*Scaling v. Sutton*, 167 S.W.2d 275, 278-9 (Tex. Civ. App. – Fort Worth 1942), *writ refused W.O.M.* (May 26, 1943) .................................................................. 9, 13, 15

*Strather v. Dolgen Corp. of Texas, Inc.*, 96 S.W.3d 420, 422-23 (Tex. App.—Texarkana 2002, no pet.). ..................................................................................................... 7

### *Statutes*

TEX. CIV. PRAC. & REM. CODE § 16.051 ....................................................................... 21

TEX. PROP. CODE § 13.001. ......................................................................................... 19

TEX. PROP. CODE § 202.003. ....................................................................................... 10

## STATEMENT REQUESTING ORAL ARGUMENT

Appellee respectfully requests oral argument only if Appellant's request for oral argument is granted.

# ISSUES PRESENTED

I.      The Trial Court correctly entered Final Judgment in favor of Appellee, relying upon the November Partial Summary Judgment Order and the December Partial Summary Judgment Order.

II.      The Trial Court correctly entered the November Partial Summary Judgment Order.

III.      The Trial Court correctly entered the December Partial Summary Judgment Order.

IV.      An interested property owner who benefits from a restrictive covenant has standing to enforce the restrictive covenant.

V.      Appellant did not create an issue of fact under the doctrine of Changed Circumstances.

## STATEMENT OF FACTS

### A. Appellant's Sale of the Five (5) Acres

On July 31, 1985 Appellant entered into a Contract of Sale with Robert T. Gorman for the sale of five acres and a truck stop (the "5 Acres") located on the southeast corner of Highway 43 and Interstate 20 in Harrison County, Texas. (R.68-75). On or about September 16, 1985, Appellant conveyed his interest in a five (5) acre tract of land with an existing and operational truck stop to Robert T. Gorman and wife, Nancy S. Gorman (the "Gormans"). (R.79-81).

### B. The Restrictive Covenant

One of the negotiated terms of the Contract of Sale was for a Restrictive Covenant to be placed on a 6.379 acre tract of land (the "6.3 Acres"), located across the Highway from the 5 Acres, restricting Appellant, his heirs, administrators, successors and assigns from developing or using the 6.3 Acres as a truck stop or fuel stop "to protect the value and desirability of the 5 acre tract or parcel of land purchased by Robert T. Gorman…." (R.76-78). The Restrictive Covenant restricted Appellant, his heirs, administrators, successors and assigns from developing and using the 6.3 Acres as a truck stop and fuel stop "to protect the value and desirability of the 5 acre tract or parcel of land purchased by Robert T. Gorman…and such restriction shall run with the real property…." (R.76-78).

3

The restriction contained no limited term of duration. The Restrictive Covenant further states that "such restriction shall run with the real property and be binding on all parties having any right, title or interest in and to the [herein described 6.3 Acres]." (R.76-78).

Appellant now contends that the Restrictive Covenant is invalid despite having negotiated for the restriction in the Contract of Sale, and having been compensated $971,500 in 1985 for the sale of the 5 Acres and for placing the restriction on his property. (R.82-95). Appellant has shown that a new deal has come along that would now highly compensate him for the 6.3 Acres, and seeks to remove the restriction on the 6.3 Acres so that he can be paid again, despite having previously bargained for his current position. (R. 82-95).

## C. Chain of Title Into Appellee

It is undisputed that Appellee is the owner of the fee with regard to the 5 Acres. *Appellant's Brief* at P. 6.

## SUMMARY OF THE ARGUMENT

Appellee has the right to enforce the Restrictive Covenant, as it is a covenant running with the land benefitting the owner of the 5 Acres. As the owner of the 5 Acres at issue, Appellee has an interest in the property and the right to enforce it pursuant to Texas law.

The Doctrine of Changed Circumstances, also called Changed Conditions, is inapplicable to the facts of this case, as asserted by Appellant. The undisputed facts are clear that Appellee derives a substantial benefit from the 5 Acres, and that there have been no changes in the surrounding area that would make it so that Appellee cannot secure a substantial degree of the benefits sought to be realized.

To the extent that Waiver or Abandonment were properly raised before this Court, which Appellee contends they were not, there has been no violation of the Restrictive Covenant as to amount to an abandonment of the covenant or a waiver of the right to enforce it.

The facts and analysis set forth by Appellant regarding the circumstances surrounding the alleged breach of the Contract of Sale are irrelevant, as no issue regarding the transaction, including an alleged breach of contract, is properly before this Court. Furthermore, the breach of contract argument fails by virtue of the Statute of Limitations, the right of first refusal (being the provision alleged to

be breached) is only a personal covenant, and the right of first refusal was unrecorded, and therefore void as to Appellee.

## ARGUMENT AND AUTHORITIES

**A. The Court Must Uphold the December Summary Judgment on Any Ground Asserted by Appellee that is Supported by Evidence and Pleadings**

When the order granting summary judgment does not specify the particular grounds the trial court sustained, the appellate court must uphold the summary judgment on any ground asserted by the movant that is supported by the evidence by the evidence and pleadings. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). When the trial court does not specify on what basis it granted summary judgment, the appellant must argue that every ground in the summary judgment motion is erroneous. *Strather v. Dolgen Corp. of Texas, Inc.*, 96 S.W.3d 420, 422-23 (Tex. App.—Texarkana 2002, no pet.).

**B. Appellee Has the Right to Enforce the Restrictive Covenant**

The Restrictive Covenant serves two purposes. By the plain language of the Restrictive Covenant, it is meant to (1) restrict the 6.3 Acres from the building of a fuel or truck stop for the benefit of the 5 Acres, and (2) be for the benefit of the Gormans, and their successors and assigns (the current successor is Appellee). (R76-78). Without any authority, Appellant would have this Court believe that because the Restrictive Covenant was not assigned, and despite the fact that the Appellee was the successor in interest to the Gormans' ownership of the benefitted

5 Acres, the Restrictive Covenant terminated upon the first sale of the 5 Acres that occurred after the initial sale from Moseley to the Gormans.

It is undisputed that the Restrictive Covenant in question is one running with the land.[1]

The Restrictive Covenant is clearly intended to protect both the 5 acres in question and Appellee. The Restrictive Covenant, in pertinent part, reads as follows:

> ...[F]or the benefit of Robert T. Gorman and wife, Nancy S. gorman (sic), and their successors and assigns, and to bind Douglas B. Moseley and his heirs, administrators, successors and assigns, the said Douglas B. Moseley declares that the aforementioned 6.379 acre tract or parcel of land may not be developed and used as a truck stop and fuel stop to protect the value and desirability of the 5 acre tract or parcel of land purchased by Robert T. Gorman and wife, Nancy S. gorman (sic), from said Douglas B. Moseley, and such restriction shall run with the real property and shall be binding on all parties having any right, title or interest in and to the above-described 6.379 acre tract or parcel of land.

(R.76-78). The plain language of the Restrictive Covenant shows that said restriction was made to protect the value and desirability of the 5 Acres.

As Appellant sets forth in his brief, a suit for the enforcement of a restrictive covenant is maintainable only by one for whose benefit the covenant was intended.

---

[1] Appellant, by virtue of his briefing in both the Trial Court and Appellant's Brief, has admitted that the Restrictive Covenant is a covenant running with the land; therefore, Appellee will reserve briefing that issue. To the extent it is necessary, Appellee would direct the Court to Defendant's Response to Appellant's Motion for Partial Summary Judgment in the Trial Court for extensive briefing on the covenant running with the land issue, and in the alternative, requests leave for additional briefing on the merits if required by this Court.

*Scaling v. Sutton*, 167 S.W.2d 275, 278-9 (Tex. Civ. App. – Fort Worth 1942), *writ refused W.O.M.* (May 26, 1943); *Green Ave. Apartments v. Chambers*, 239 S.W.2d 675 (Tex. Civ. App. – Beaumont 1951, no writ); *Aull v. Kraft*, 286 S.W.2d 460, 461 (Tex. Civ. App.—Waco 1956, writ ref'd n.r.e.); *Green v. Gerner*, 289 S.W. 999, 1000 (Tex. Comm'n App. 1927).

Because the Restrictive Covenant was to protect the value and desirability of the 5 Acres, it is clear that the party to be benefited by the covenant is the owner of the 5 Acres. Unless a restrictive covenant has been removed by agreement of all interested property owners or by declaratory judgment, it may be enforced by any interested property owner. *Giles v. Cardenas*, 697 S.W.2d 422, 427 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.); *see Girsh v. St. John*, 218 S.W.3d 921, 923-924 (Tex. App.—Beaumont 2006, no pet.); *Anderson v. New Property Owners' Assn' of Newport, Inc.*, 122 S.W.3d 378, 384-85 (Tex. App.—Texarkana 2003, pet. denied) (property owner may sue to enforce restrictive covenant).

Any person entitled to benefit under a restrictive covenant may enforce it. *Anderson*, 122 S.W.3d at 384. In the case at hand, a tract of land purchased by the Gormans, the 5 Acres, and the successors to the Gormans' interest, were intended to benefit from the Restrictive Covenant. The Restrictive Covenant specifically states that the restriction placed on the 6.3 Acres prohibiting development or use of

the 6.3 Acres for a truck stop and fuel stop is "to protect the value and desirability of the [5 Acres]." (R.76-78)

As a successor in ownership to the 5 Acres, Appellee is an interested property owner in the 5 Acres to be benefitted from the restriction, and is therefore entitled to enforce the Restrictive Covenant placed upon the 6.3 Acres. Appellee is a successor to the Gormans' interest in the 5 Acres, as admitted by Appellant, which is exactly the type of beneficiary the restriction contemplated by its very terms. The Restrictive Covenant is a validly recorded document that was negotiated for, by, and between Gorman and Appellant. Appellant received consideration for the restriction, and then placed the restriction on his property. Appellant admits that the Restrictive Covenant is clear and unambiguous as to the beneficiaries of said restriction, and the successors to the Gormans' interest in the 5 Acres, including Appellee, are those that the Restrictive Covenant is unambiguously intended to protect.

A Restrictive Covenant shall be liberally construed to give effect to its purpose and intent. TEX. PROP. CODE § 202.003. Appellant asserts that the term "successor" in the Restrictive Covenant can only mean one who is conveyed the Restrictive Covenant itself. Appellant's only analysis to the Trial Court in this regard was a conclusory statement that "'successor can only mean a party who succeeds to the Restrictive Covenant" because the Warranty Deed does not

10

mention the Restrictive Covenant. Appellant completely fails to direct this Court to the other language contained in the Restrictive Covenant that expressly sets forth that the restriction is being placed on the property per the Contract of Sale for the 5 Acres to Gorman. It is obvious, by the plain language of the Restrictive Covenant, that the restriction is in consideration for the purchase of the 5 Acres to which Appellee succeeded into ownership. The fact that Appellant intended to restrict his property in consideration of the purchase of the 5 Acres is clear and unambiguous. The Restrictive Covenant even states that the restriction is "in partial consideration of the Contract of Sale…." The clear intent of the parties was to restrict the 6.3 Acres in favor of the 5 Acres, and in return, Appellant was fairly compensated for the sale and restriction.

Appellee also directs the Court to the terms of the Warranty Deed under which she took title to the 5 Acres. Said Warranty Deed, attached hereto as Appendix A, and recorded at Document Number 2010-000014396, includes a conveyance of the 5 Acres, "together with all and singular the rights and appurtenances thereto…." Therefore, the right to enforce the Restrictive Covenant was necessarily conveyed to Appellee upon her purchase by virtue of the terms of the Warranty Deed which conveyed the 5 Acres to her.

Appellee wishes to make sure the Court is aware that the Restrictive Covenant has served the exact purpose it was intended for in this case. Appellant

11

restricted himself, his successors and assigns from building a truck stop on the 6.3 Acres. Upon attempting to violate the Restrictive Covenant by selling his interest in the 6.3 Acres for the building of a truck stop, the title company located the Restrictive Covenant, and informed Appellant that it had to be released in order to proceed. (R.65).

Appellant's assertion that the Deed Restriction itself had to be conveyed is simply incorrect, and would cause a domino effect of consequences for Texas subdivisions and zoning. Restrictive Covenants, sometimes referred to as Covenants, Conditions and Restrictions by residential subdivisions, are filed in the Official Public Records of the county in which the property is located. Those restrictions do not have to be amended or transferred and updated every time a new homeowner purchases property within the subdivision. Appellant asks this Court to enforce a remedy that would require all filed restrictions to be specifically conveyed by the benefitted party to a successor in interest, which is not the purpose of restrictive covenants in general. The purpose is to restrict property from certain uses for the benefit of, or in favor of, another property or a subdivision as a whole. The covenant runs with the restricted land, and the benefitted land. To suggest that such restrictions are not valid unless specifically conveyed by the benefitted property owner would frustrate the entire purpose of restrictive covenants because under Appellant's unsupported argument, the failure to specifically convey the

restriction would effectively terminate the restrictive covenant. Appellant has provided no law to support such an argument, Appellant has only provided his incomplete argument as to what he believes the Restrictive Covenant states.

**C. The Doctrine of Changed Circumstances Does Not Apply as a Matter of Law**

The doctrine of Changed Circumstances, also called "Changed Conditions" has most uniformly been used in the case of residential restrictions in subdivisions. The law stands for the fact that equity demands a release of restrictive covenants when changes in the restricted area or the immediately surrounding area make it so that it is no longer possible to secure to a substantial degree the benefits sought to be realized by the owner. *Dempsey v. Apache Shores Property Owners Ass'n*, 737 S.W.2d 589, 597 (Tex. App. Austin 1987, no writ) (citing *Cowling v. Colligan*, 312 S.W.2d 943, 946 (Tex. 1958)).

Appellant has set forth, in his Appellant's Brief and his Motion for Partial Summary Judgment in the Trial Court that the change must be so radical as to render perpetuation of the restriction of no substantial benefit to the dominant estate, and the original purpose of the restriction has been defeated. *Appellant's Brief* P. 17; citing *Cowling,* 312 S.W.2d 943; *Scaling v. Sutton*, 167 S.W.2d 275 (Tex. Civ. App.—Fort Worth 1942, writ ref'd w.o.m.); *Bethea v. Lockhart*, 127

13

S.W.2d 1029 (Tex. Civ App.—Amarillo 1939, writ ref'd); *Overton v. Ragland*, 54 S.W.2d 240 (Tex. Civ. App.—Amarillo 1933, writ dism'd); *Abernathy v. Adoue*, 49 S.W.2d 476 (Tex. Civ. App.—Beaumont 1932, no writ.); *Ragland v. Overton*, 44 S.W.2d 768 (Tex. Civ. App.—Amarillo 1931, no writ).

It is undisputed that Appellant's 6.3 Acres has not been used in violation of the Restrictive Covenant and in fact, Appellant currently seeks to sell the 6.3 Acres that is restricted for a purpose in violation of the restriction, namely a truck stop or fuel station. (R.65, 82-95). Arnold's Affidavit in Support of Plaintiff's Motion for Partial Summary Judgment in the Trial Court ("Arnold's Affidavit"), further shows that no truck and fuel stop has been placed on the 6.3 Acres since the time of the sale to Gorman. (R.166). Appellant's contention that the 5 Acres has not been used as a truck stop since a fire occurred at the one owned by Gorman has no bearing on the benefit to Appellee.

Appellant has set forth, in Appellant's Brief, and Motion for Partial Summary Judgment in the Trial Court, that certain events constitute changed circumstances which would render the restriction unenforceable. *Appellant's Brief* at P. 19-20. The listed circumstances, allegedly caused by the owners of the 5 Acres, are: 1) allowing foreclosure of the property; 2) not specifically assigning the Restrictive Covenant to any of the 6 subsequent purchasers; 3) allowing a fire to occur at the truck stop; 4) not rebuilding the truck stop after it burned down; and 5)

14

allowing the remaining portions of the truck stop, including buildings, underground tanks, etc., to all be torn down and removed. *Appellant's Brief* P. 20. None of these circumstances fulfill the law set forth above. Specifically, the law sets forth the proposition that changes in the restricted area or the immediately surrounding area must make it so that it is no longer possible to secure to a substantial degree the benefits sought to be realized by the owner. *See Dempsey*, 737 S.W.2d at 597 (citing *Cowling*, 312 S.W.2d at 946 (1958)). Furthermore, the changes are not so radical as to render perpetuation of the restriction of no substantial benefit to the dominant estate, or defeat the subject or purpose for the reasons set forth herein. *See Scaling*, 167 S.W.2d at 275.

Even if the facts asserted by Appellant are taken as true, the alleged changed conditions are such that the Trial Court was free to decide upon those matters as a matter of law, based, *inter alia*, on *Cowling v. Colligan*, 312 S.W.2d 943 (Tex. 1958). The actions or inactions of the owners of the 5 Acre lot are not of the type that inhibit or prohibit the 5 Acres from being made into a truck stop or fuel stop. The lot is currently vacant, and there is nothing that prevents the property from being used as a truck stop once again. None of the owners of the 5 Acres have restricted it from being used as a truck stop, and none of the owners have taken any action that would be the basis of determining that the 5 Acres is no longer fit for use as such.

Appellee derives a substantial benefit from the restriction in that she owns a piece of property fit for a truck stop, and she has no competition directly across the street because Appellant sold that right when he bargained for the restriction. As stated above, Appellant's contention that the 5 Acres has not been used as a truck stop since a fire at the one owned by Gorman has no bearing on the benefit to Appellee. Obviously the right to build such a business on the property is valuable, otherwise Appellant would not have sold the right, along with the business, for $971,500 in 1985, nor would he have been recently offered $850,000 for his 6.3 Acres directly across the street to be used as a truck stop. (R.65, 82-95). The law regarding changed circumstances sets forth that the changes must render the restriction of no substantial benefit to Appellee, and any argument that Appellee currently gains no benefit from the Restrictive Covenant is simply untrue. The benefit of the restrictive condition has been established by the facts of this case, as Appellant is unable to sell the 6.3 Acres for use as a truck stop for $850,000, and Appellee retains exclusivity between the two tracts for such use.

Finally, with regard to the benefit derived by Appellee, Appellant admits in Appellant's Brief that Appellee derives an advantage from the Restrictive Covenant, and that the Restrictive Covenant has protected the 5 Acres for over 20 years. *Appellee's Brief* at P. 7 (citing R.65).

Therefore, as a matter of law, changed circumstances does not apply to the facts at hand.

## D. Appellant Presented No Evidence of Changed Circumstances

Appellant requests that this Court find that questions of material fact exist with regard to the doctrine of Changed Circumstances; however, Appellee would show that all facts alleged to support Appellant's argument in this regard, even if taken as true, are not sufficient to create a fact issue on Changed Circumstances. On the basis of the law presented in Section "C", above, the facts presented by Appellant in the Trial Court do not render the restriction to be of no substantial benefit to Appellee, for the reasons set forth at length in Section "C". Appellant does not, and cannot, point this Court to any evidence in the record that would be sufficient to create a fact issue; therefore, the Court's December Judgment should be upheld with regard to the Changed Circumstances argument.

## E. To the Extent Waiver and Abandonment is Properly Before the Court, Waiver and Abandonment Do Not Apply as a Matter of Law

While Appellee contends that Waiver and Abandonment are not properly raised by Appellant in his Appellant's Brief, the argument by Appellant with regard to Changed Conditions includes argument that Appellee waived or

abandoned the benefit the Restrictive Covenant conferred. Therefore, to the extent properly raised, Appellee sets forth that Waiver and Abandonment do not apply as a matter of law, and that there is no evidence of Waiver or Abandonment.

Once again, the doctrine of waiver or abandonment has most uniformly been used in cases regarding residential restrictions. Waiver or abandonment in those cases occurs when there has been an acquiescence of the lot owners in such substantial violations within the restricted area as to amount to an abandonment of the covenant or a waiver of the right to enforce it. *Cowling*, 312 S.W.2d at 461-62. In the case at hand, Plaintiff has presented no proof, nor could there be any proof, that there has been any violation of the restrictive covenant. As shown in Affidavit of Sherrie Arnold, there has been no truck stop or fuel stop built on the 6.3 Acres which would allow for an acquiescence argument. (R.166).

Therefore, as a matter of law, no waiver or abandonment of the Restrictive Covenant has occurred.

Furthermore, Plaintiff has presented no evidence of waiver or abandonment as there are no facts under which there has been acquiescence to a truck and fuel stop being built on the 6.3 Acres, as would be required under the law as set forth herein.

## F. Appellant's Claim for Breach of the Contract of Sale Fails for Multiple Reasons

While Appellant does not specifically make the Contract of Sale an issue in his Issues Presented, Appellant spends considerable time in his Statement of Facts setting forth facts surrounding an alleged breach of the Contract of Sale. Appellant further asserted in the Trial Court that the failure of Gorman or subsequent purchasers to honor an unrecorded Right of First Refusal excused Appellant from any further performance under the Contract of Sale or the Restrictive Covenant. Therefore, to the extent a breach of the Contract of Sale is properly before the Court, which Appellee contends it is not, Appellee offers the following analysis of the alleged breach.

The Right of First Refusal in the Contract of Sale was in no way incorporated into the Warranty Deed conveying the 5 Acres from Appellant to Gorman. (R.79-81). There is no reference to the Contract of Sale or the Right of First Refusal whatsoever. (R.79-81). No subsequent purchaser of the property had notice, constructive or otherwise, that the property was subject to a right of first refusal. An unrecorded property interest is not binding on a subsequent purchaser who lacks notice of the interest. *See* TEX. PROP. CODE ANN. § 13.001.

Furthermore, the foreclosure and subsequent sale of the property by the lender, which was the first sale of the property after the purchase by Gorman, did not trigger the right of first refusal under Texas law. (R.62). Involuntary transfers,

pursuant to a foreclosure sale, do not trigger a first-refusal right. *See Draper v. Gochman*, 400 S.W.2d 545, 548 (Tex. 1966); *Consol. Bearing & Supply Co. v. First Nat'l Bank*, 720 S.W.2d 647, 650-51 (Tex. App.—Amarillo, no writ). In *Draper*, the right of first refusal gave a sublessee a preferential right to purchase the leasehold if the "lessor desires to sell or dispose of his interest" in the property. *Draper*, 400 S.W.2d at 545. After the lessor defaulted on its mortgage, the property was sold at foreclosure. *Id.* The Texas Supreme Court held that the right of first refusal was not triggered by the foreclosure sale because it was "involuntary." *Id.* at 547. In the case at hand, Appellant obtained the right of first refusal "[i]n the event that [Gorman] **decides to sell** the property and/or business…." (R.68-75). Gorman did not decide to sell the property as required by the right of first refusal, and the sale was involuntary, which does not trigger the right under Texas law. The remainder of the transfers or sales leading up to the purchase by Appellee are not subject to the option either because the option was only triggered upon Gorman's decision to sell the property, as set forth in the plain language of the Contract of Sale.

Appellant was put on constructive notice of the sale by the lender as of the date the Deed from such sale which was recorded in 1989; therefore, any argument that the alleged breach irreparably harmed him was rendered null upon the running of the statute of limitations in 1993. (R.62) Appellant has no recourse with regard

to an alleged breach of the Contract of Sale, even if such a breach had any effect on the Restrictive Covenant at issue, which Appellee contends it does not.

The Right of First Refusal was a personal covenant between Appellant and Gorman. Any breach of the Right of First Refusal would have been a breach by Gorman because the right, by its terms, did not run with the land, as it did not bind successors or assigns, and was only if "Purchaser (Gorman) decides to sell the property." (R.68-75). Any suit for breach of the right had to be brought against Gorman, and had to be brought within four years of the breach. TEX. CIV. PRAC. & REM. CODE § 16.051. The Right of First Refusal was not referenced in the Warranty Deed on the 5 Acres at issue, and therefore put no one on notice of the Right of First Refusal. The first sale of the 5 Acres after the purchase by Gorman, as shown in Appellant's Brief, was on December 6, 1988. (R.62). Therefore, the limitations for a suit on such alleged breach would have run in 1992. If the limitations began to run upon the sale by the Trustee, the limitations ran as of 1993.

Finally, for the right of first refusal to be binding upon subsequent purchases, such as Appellee, it must be a covenant running with the land, and while it does not meet the elements of a covenant running with the land, Appellee does not brief that issue herein, as it has not been properly raised by Appellant in this Court or in the Trial Court.

## SUMMARY

For the reasons set forth herein, the Trial Court correctly entered Final Judgment in favor of Appellee. Appellee has standing to enforce the Restrictive Covenant, and Appellant created no issue of material fact regarding the doctrine of Changed Circumstances.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully prays this Honorable Court affirm the Final Judgment of the Trial Court. Appellee further prays for such other and further relief to which Appellee may be entitled at law or in equity, including the contingent fees awarded by the Trial Court.

Respectfully submitted,


DEAN A. SEARLE
Texas Bar No. 17956600
RONAN S. SEARLE
Texas Bar No. 24079292
SEARLE & SEARLE, PC
P.O. Box 910
305 West Rusk Street
Marshall, Texas 75671
Phone (903) 935-9772
Fax    (903) 935-9790
Dsearle54@gmail.com
Ronan.searle@gmail.com


By:  */s/ Ronan S. Searle*
      Ronan S. Searle
      Texas Bar No. 24079292


**ATTORNEYS FOR THE APPELLEE**
.


**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 9.4(i)(2) of the Texas Rules of Appellate Procedure, I hereby certify that this document contains 5,268 words.

*/s/ Ronan S. Searle*
Ronan S. Searle

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on November 4, 2015, I caused to be served the foregoing pleading upon the counsel listed below via email and also via the Court's electronic transmission facilities.

Gerritt M. Pronske
Melanie P. Goolsby
PRONSKE GOOLSBY & KATHMAN, P.C.
15305 Dallas Parkway, Suite 300
Addison, Texas 75001
Email: gpronske@pgkpc.com
Email: mgoolsby@pgkpc.com

*/s/ Ronan S. Searle*
Ronan S. Searle

**\*\*\*DO NOT REMOVE THIS PAGE – IT IS A PART OF THIS INSTRUMENT\*\*\***

DEED

5 Pages

| FILED AND RECORDED – OPR | CLERKS NOTES |
|---|---|
| On: _____11/05/2010 12:11 PM_____ | |
| Document Number: 2010-000014396 | |
| Receipt No: 1016188 | |
| Amount: $ 28.00 | |
| By: _____Lori Hightower_____, **Deputy** | |
| **Patsy Cox, County Clerk**<br>**Harrison County, Texas** | |



**STATE OF TEXAS**
**COUNTY OF HARRISON**
**I hereby certify that this instrument was filed on the date and time stamped hereon by me**
**and was duly recorded in the Official Public Records of Harrison County, Texas.**

**Patsy Cox, Harrison County Clerk**

**Record and Return To:**

SHERRIE ARNOLD
P.O. BOX 535

MARSHALL, TX 75671

Appendix "A"

AFTER RECORDING RETURN TO:

_____

_____

CTC GF#2105362  NRH

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

# WARRANTY DEED

DATE:        **OCTOBER 29, 2010**

GRANTOR:    **RICHIE ARNOLD AS MY SOLE AND SEPARATE PROPERTY AS THIS PROPERTY CONSTITUTES NO PART OF MY HOMESTEAD, SUZANNE TONETTE HICKMOTT FKA SUZANNE TONETTE ARNOLD AKA SUZANNE TONYA ARNOLD AS MY SOLE AND SEPARATE PROPERTY AS THIS PROPERTY CONSTITUTES NO PART OF MY HOMESTEAD AND SHERRIE LYNN RUSSELL ARNOLD, INDVIDUALLY AND AS TRUSTEE OF TRUST CREATED IN WILL OF THOMAS EUGENE ARNOLD**

GRANTOR'S MAILING ADDRESS:

_____

GRANTEE:    **SHERRIE ARNOLD**

GRANTEE'S MAILING ADDRESS:
    PO BOX 535 marshall TX 75671

CONSIDERATION:

    TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration

PROPERTY (including any improvements):

**FIRST TRACT:**

All that certain lot, tract or parcel of land situated in Harrison County, Texas, being a part of the J. W. BRITTAIN SURVEY, A-78, and a part of the FRANCIS WILSON SURVEY, A-795, and a part of the THOMAS APPLEWHITE SURVEY, A-68; being 1.5 acre, more or less, out of that certain 5 acre tract described in deed to the Shell Oil Company, and recorded in Volume 636, Page 341, Deed Records of said County, and being more particularly described as follows:

BEGINNING at an iron stake for corner in the South margin of Interstate Highway 20 and in the North line of said 5 acre tract; said beginning corner being 31.5 feet, South 88 deg. West from the Northeast corner of said 5 acre tract;

THENCE South 88 deg. 00' West, with said North line and with said South margin, 235.28 feet, to a concrete highway monument for corner;

THENCE South 56 deg. 45' West, 85.5 feet, to a concrete highway monument for corner in the East margin of State Highway 43;

THENCE South 24 deg. 53' West, 200.0 feet, to an iron stake for corner in said East margin and in the West line of said 5 acre tract;

THENCE South 65 deg. 07' East, 210 feet, to an iron stake for corner;

THENCE North 24 deg. 53' East, 74 feet, to the place of beginning and containing 1.5 acres of land, more or less.

## SECOND TRACT:

All that certain lot, tract or parcel of land situated in Harrison County, Texas; being a part of the J. W. BRITTAIN SURVEY, A-78; and a part of the FRANCIS WILSON SURVEY, A-795, and a part of the THOMAS APPLEWHITE SURVEY, A-68, being the 3.5 acre residue, more or less, out of that certain 5 acre tract described in deed to Shell Oil Company recorded in Volume 636, Page 341, Deed Records of said County and being more particularly described as follows:

BEGINNING at an iron stake for corner in the South margin of Interstate Highway 20 and at the Northeast corner of said 5 acres;

THENCE South 02 deg. 00' East, 500.12 feet, to an iron stake for corner at the Southeast corner of said 5 acre tract;

THENCE South 88 deg. 00' West, 544.85 feet, to an iron stake for corner at the Southwest corner of said 5 acre tract and in the East margin of State Highway 43;

THENCE North 19 deg. 39' East, with said East margin, 254.9 feet, to a corner in same;

THENCE North 24 deg. 53' East, 54.4 feet, to an iron stake for corner in said East margin at the Southwest corner of 1.5 acre Shell Service Station tract;

THENCE South 65 deg. 07' East, 210 feet, to an iron stake for corner at the Southeast corner of said 1.5 acre tract;

THENCE North 24 deg. 53' East, 305 feet, to an iron stake for corner;

THENCE South 65 deg. 07' East, 45 feet, to an iron stake for corner;

THENCE North 24 deg. 53' East, 74 feet, to an iron stake for corner in the North line of said 5 acre tract and in South margin of Interstate Highway 20;

THENCE North 88 deg. 00' East, 31.5 feet, to the place of beginning, containing 3.5 acres of land, more or less, and being the same property described in deed from Shell Oil Company, to Ramsey Earl and wife, dated March 31, 1969, recorded in Volume 669, Page 522, Deed Records, Harrison County, Texas.


RESERVATIONS FROM CONVEYANCE:

None

EXCEPTIONS TO CONVEYANCE AND WARRANTY:

Liens described as part of the Consideration and any other liens described in this deed as being either assumed by Grantee or subject to which title is taken by Grantee; validly existing restrictive covenants common to the platted subdivision in which the Property is located; standby fees, taxes, and assessments by any taxing authority for the year 2010, and subsequent years, and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership; homestead or community property or survivorship rights, if any, of any spouse of Grantee; and any validly existing titles or rights asserted by anyone, including but not limited to persons, the public, corporations, governments, or other entities, to (a) tidelands or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs, or oceans, (b) lands beyond the line of the harbor or bulkhead lines as established or changed by any government, (c) filled in lands or artificial islands, (d) statutory water rights, including riparian rights, or (e) the area extending from the line of mean low tide to the line of vegetation or the right of access to that area or easement along and across that area.

Grantor, for the Consideration and subject to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty, grants, sells, and conveys to Grantee the Property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and to hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the Property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the Reservations from Conveyance and the Exceptions to Conveyance and Warranty.

When the context requires, singular nouns and pronouns include the plural.

RICHIE ARNOLD

SIGN
HERE →

SUZANNE TONETTE HICKMOTT FKA SUZANNE TONETTE ARNOLD, AKA SUZANNE TONYA ARNOLD

SHERRY LYNN RUSSELL ARNOLD, INDIVIDUALLY AND AS TRUSTEE OF TRUST CREATED IN WILL OF THOMAS EUGENE ARNOLD

STATE OF TEXAS

COUNTY OF HARRISON

This instrument was acknowledged before me on this the ___ day of ~~October~~ Nov, 2010, by RICHIE ARNOLD.

_Notary Public, State of Texas_

STATE OF _MICHIGAN_

COUNTY OF _TUSCOLA_

This instrument was acknowledged before me on this the 28th day of October, 2010, by SUZANNE TONETTE HICKMOTT FKA SUZANNE TONETTE ARNOLD AKA SUZANNE TONYA ARNOLD.

_V. L. Petzold_
Notary Public, State of _MICHIGAN_

STATE OF ~~MICHIGAN~~ Texas

COUNTY OF ~~HARRISON~~ Harrison

~~ACTING IN GENESEE COUNTY~~

This instrument was acknowledged before me on this the 4 day of ~~October~~ Nov, 2010, by ~~SHERRILL L WALTON~~ RUSSELL ARNOLD, INDIVIDUALLY AND AS TRUSTEE OF TRUST CREATED IN WILL OF THOMAS EUGENE ARNOLD.

_Notary Public, State of Texas_

V L PETZOLD
Notary Public - Michigan
Tuscola County
My Commission Expires Aug 27, 2014
Acting in the County of _Genese_